**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| JAMAL DAMON HENDRIX,<br>     Plaintiff,<br>vs.<br>STATE OF NEVADA, et al.,<br>     Defendants. | ) ) ) ) ) ) ) ) ) ) | 3:15-cv-00155- MMD-WGC<br><br>**ORDER**<br><br>**Re:  ECF No. 21** |

     Before the court is Plaintiff's Motion for Reconsideration (ECF No. 21). Plaintiff seeks the court to reverse its order (ECF No. 20) denying Plaintiff's earlier motion (ECF No. 19) to exclude his civil rights litigation from the Inmate Mediation Program.  The court's denial of Plaintiff's motion to exclude was based upon Plaintiff's failure to provide any factual or legal basis as to why his action should be exempted from the Inmate Early Mediation Conference Program.

     Plaintiff's motion for reconsideration for the first time presents several arguments for excluding this case from the mediation process. The first is that a mediator in one of three other civil right cases Plaintiff has pending, James A. Kohl, is alleged to have "fabricated lies" (ECF No. 21 at 2, citing *Hendrix v. Cox, et al.*, 2:15-cv-0056-MMD-NJK). Plaintiff asserts that in another civil rights case in which he had a mediation, *Hendrix v. State of Nevada*, 3:15-cv-00460-MMD-WGC, mediator "Jennifer H. Rains had fabricated throughout the session" and that Deputy Attorney General Fran Toddre "never participated in this mediation Conference." (ECF No. 21 at 2, 3.)[1] Last, Plaintiff suggests a  mediation

---

[1] The docket reflects Defendants were represented by Deputy Attorney General Heather Zana (3:15,cv-460-MMD-WGC at ECF No. 11).

in this matter may subject him to possible further alleged disciplinary or retaliatory action by the Warden (*id.* at 3).

Motions for reconsideration of an interlocutory order[2] must state with particularity the points of law or fact that the court has overlooked or misunderstood in its underlying order. LR 59-1(a). Reconsideration may be appropriate (1) if there is newly discovered evidence that was not available when the original motion was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law (*id*). Motions for reconsideration are disfavored. LR 59-1(b).

The "evidence" Plaintiff now presents is not newly discovered as these "facts" predated the filing of Plaintiff's initial motion. Furthermore, without any specifics presented by Plaintiff that the mediators participating in the court's mediation program were guilty of fabricating evidence or facts, the court is disinclined to accept Plaintiff's argument in that respect. With regard to the possibility of further disciplinary actions which may result because of any settlement, the court notes that Plaintiff has already made multiple accusations against the Defendants, including the Defendant Warden, and does not foresee how any discussion of possible compromise or settlement of those claims could supposedly lead to greater reprisal above and beyond any which might occur because of the allegations of his amended complaint (ECF No. 13).

The court did not commit "clear error" in its initial decision nor would requiring Plaintiff to participate in the court's Inmate Early Mediation Program be "manifestly unjust." District Judge Miranda M. Du has referred this case to the court's Inmate Early Mediation program (ECF No. 17 at 27). The court perceives no reason not to implement the directions of Judge Du.

Plaintiff's motion (ECF No. 21) is therefore **DENIED.**

IT IS SO ORDERED.

DATED: June 30, 2016.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[2] This court's order denying Plaintiff's motion to exclude (ECF No. 20) would be considered an interlocutory order.