UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| JAMAL DAMON HENDRIX, | Case No. 3:15-cv-00155-MMD-WGC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| STATE OF NEVADA, *et al.*, | |
| Defendants. | |

## I. SUMMARY

Before the Court is the Report and Recommendation ("Recommendation" or "R&R") of Judge William G. Cobb, recommending that the Court grant in part and deny in part Defendants' Partial Motion for Summary Judgment ("Motion") (ECF No. 84). (ECF No. 118.) Defendants filed an objection (ECF No. 121), as did Plaintiff (ECF No. 125). Defendants responded to Plaintiff's objection. (ECF No. 126.) Defendants also filed a Motion for Leave to File Confidential Documents Under Seal in Support of Defendants' Objection ("Motion to Seal"). (ECF No. 122.) Plaintiff did not respond to the Motion to Seal.

For the following reasons, the Court accepts and adopts the R&R in full. The Court also grants Defendants' Motion to Seal.

## II. BACKGROUND

The Court adopts the background as set out in the Report and Recommendation. (ECF No. 118 at 1-4.)

## III. LEGAL STANDARDS

### A. Review of Magistrate Judge's Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then this Court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987) (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

### B. Summary Judgment

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party, and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in

///

the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

**IV.    MOTION TO SEAL (ECF No. 122)**

Defendants request that certain exhibits be sealed (ECF Nos. 123-1 and 123-2) because they include Plaintiff's confidential medical records and grievance records related to his medical conditions. (*See* ECF No. 122 at 2.) To establish that documents are sealable, the moving party "must overcome a strong presumption of access by showing that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir. 2010) (citation omitted). Defendants assert that Plaintiff's medical and grievance records should be filed under seal because Plaintiff has not waived the confidentiality of his health information and because Plaintiff's privacy and safety could be at risk if the records relating to his medical condition were in his physical possession. (ECF No. 122 at 2-3.) The Court agrees and finds that the exhibits should remain under seal as they contain confidential information about Plaintiff, including
///

Plaintiff's medical records and information about his medications. Accordingly, the Court will grant Defendants' Motion to Seal.

## V. DEFENDANTS' OBJECTION (ECF No. 121)

Defendants make a number of objections based on the legal principle that a court should not adopt a version of the facts for purposes of ruling on a motion for summary judgment if that version of the facts is blatantly contradicted by the record such that no reasonable jury could believe it. (ECF No. 121 at 4 (citing *Scott v. Harris*, 550 U.S. 372, 380 (2007)).) The Court does not find that the inconsistencies between Plaintiff's allegations (supported by declarations and affidavits) and prison records amount to anything less significant than genuine issues of material fact.

### A. Count VII

Count VII contains claims for retaliation and deliberate indifference related to Plaintiff's allegation that he was denied pain and anti-seizure medications on June 2, 2014. (ECF No. 118 at 3, 25-27.) The Magistrate Judge recommended denying Defendants' Motion as to these claims. (*Id.* at 36.)

Defendants contend that the Magistrate Judge erred because Plaintiff's version of the facts is blatantly contradicted by the record. (ECF No. 121 at 4.) "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott*, 550 U.S. at 380. Defendants argue that Plaintiff's medication administration record "clearly demonstrates that [Plaintiff] received his [anti-seizure medication] on June 2, 2014," though Defendants do not address whether Plaintiff received pain medication. (ECF No. 121 at 4 (citing ECF No. 85-4 at 2).) The record consists of a table with rows listing the administration times of different medications and columns listing a series of dates. (*See* ECF No. 85-4 at 2.) The cells of the chart contain initials of various officers, apparently indicating that Plaintiff received medications on certain dates and at certain times. (*See id.*) While this record suggests that Defendants gave Plaintiff his medication on June 2, 2014, it is not beyond

dispute. Plaintiff's version of the facts, described in his declaration, remains believable: "Plaintiff claims that he called Cox in the control station and asked him to intervene, but Cox said: 'You would have received your medication, but you wrote a grievance on my officers, now deal with it.'" (ECF No. 118 at 26 (citing ECF No. 94-1 at 102).) A reasonable juror could assign more weight to Plaintiff's allegations than to the medical record. Accordingly, the Court finds that the Magistrate Judge did not err in concluding that a genuine issue of material fact precludes summary judgment on these claims.

### B. Count IX

Count IX contains a conditions of confinement claim based on Plaintiff's allegations that he was deprived of socks and underwear, placed in a high bed without guardrails even though Defendants knew Plaintiff had a seizure disorder, denied out-of-cell exercise, and forced to reside in a cell covered in feces and urine. (ECF No. 118 at 4.) The Magistrate Judge recommended denying Defendants' Motion as to Defendants Koehn, Lyons, Aranas, Baker, Fletcher, and Byrne and granting the Motion as to Defendant Jones. (*Id.* at 33.)

Defendants first contend that the Magistrate Judge erred in denying summary judgment as to Plaintiff's conditions of confinement claim because the record demonstrates that Plaintiff "was admitted to the infirmary for non-compliance with his seizure medication." (ECF No. 121 at 5.) However, the reason for Plaintiff's placement in the infirmary does not appear to be at issue with respect to this claim.

Defendants further argue that a response to Plaintiff's first-level grievance demonstrates that Plaintiff was provided his legal property and clean clothes. (*Id.* (citing ECF No. 84-14 at 15).) The grievance response states: "You received your legal property soon after your admission and you also received clean clothing." (ECF No. 84-14 at 15.) Plaintiff disputes this assertion and provides an affidavit in support of his allegations. (*See* ECF No. 118 at 28; ECF No. 94-2 at 123.) The grievance response is not beyond dispute— a reasonable juror could find Plaintiff's allegations to be more probative than the grievance response on the issue of whether Plaintiff received his legal property and clean clothes.

Defendants further argue that Plaintiff was denied out-of-cell exercise only when he was not compliant with his seizure medication. (ECF No. 121 at 5.) Defendants cite to a medical record purportedly demonstrating that Plaintiff did not take his seizure medication on forty different days during his seventy-eight-day stay in the infirmary. (*Id.* (citing ECF No. 123-2).) However, Plaintiff alleges that he was denied out-of-cell exercise even on days when he took his medication. (ECF No. 94-2 at 181.) The medical records Defendants cite demonstrate that Plaintiff refused medication, not that he was permitted out-of-cell exercise when he took medication.

Accordingly, the Magistrate Judge did not err in concluding that genuine issues of material fact preclude summary judgment on these claims.

**C.     Count X**

Count X contains an Eighth Amendment deliberate indifference claim against Defendant Gregersen based on Plaintiff's allegations that Defendant Gregersen denied Plaintiff pain medication on July 22, 2014. (ECF No. 118 at 4.) The Magistrate Judge recommended denying summary judgment on this claim. (*Id.* at 34.)

Defendants contend that the Magistrate Judge erred because a document in the record demonstrates that Plaintiff actually received his pain medication on July 22, 2014. (ECF No. 121 at 6.) The document Defendants cite indicates that Plaintiff refused two medications and "only wanted [pain medication]." (ECF No. 85-5 at 3.) This does not conclusively establish that Plaintiff received pain medication, and Plaintiff contends in his affidavit that he did not. (ECF No. 94-2 at 112.)

Accordingly, the Court finds that the Magistrate Judge did not err in denying summary judgment on this claim.

**D.     Count XI**

Count XI is an Eighth Amendment deliberate indifference claim against Defendant Gregersen based on Plaintiff's allegation that Defendant Gregersen denied Plaintiff seizure medication on August 6, 2014, resulting in Plaintiff's seizure and accompanying
///

injuries. (ECF No. 118 at 4.) The Magistrate Judge recommended denying summary judgment on this claim. (*Id.* at 35.)

Defendants contend that the administrative medical record shows that Plaintiff received his seizure medication the night of August 6, 2014. (ECF No. 121 at 6 (citing ECF No. 85-4 at 3).) However, this does not establish beyond dispute that Plaintiff received his seizure medication. "Plaintiff states that on August 6, 2014, Gregersen denied him his prescribed anti-seizure medication (Dilantin) because he had filed a grievance against her regarding the denial of pain medication on July 22, 2014." (ECF No. 118 at 35 (citing ECF No. 94-2 at 115-16).) A reasonable juror could find Plaintiff's allegations more probative than the medical record on the issue of whether Plaintiff received his anti-seizure medication.

Accordingly, the Court finds that the Magistrate Judge did not err in denying summary judgment on this claim.

## VI. PLAINTIFF'S OBJECTION (ECF No. 125)

### A. Request for Judicial Notice

Plaintiff requested that the Court take judicial notice of another of his cases, 2:15-cv-00560-MMD-NJK, which includes allegations of excessive force. (ECF No. 118 at 36.) The Magistrate Judge denied the request because Plaintiff did not identify specific documents of which the Court should take judicial notice or how such documents would be relevant to this case. (*Id.*)

Plaintiff argues in his objection that the Court should take judicial notice of the prior case because it shows that Defendants were aware of the pain he experienced as a result of the use of excessive force complained of in that case. (ECF No. 125 at 3.) However, Plaintiff again fails to identify specific documents. (*See id.*)

Accordingly, the Magistrate Judge did not err in rejecting Plaintiff's request for judicial notice.

///

///

**B.     Motion to Stay**

Plaintiff moved to stay the action for the purpose of completing additional discovery. (ECF No. 118 at 7 (citing ECF No. 94-2 at 163-66).) The Magistrate Judge denied the request because Plaintiff did not identify specific facts he hoped to elicit from additional discovery. (*Id.* at 8 (citing FRCP 56(d) and *Family Home and Finance Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008)).) Plaintiff still has not described the specific facts he hopes to elicit through additional discovery. (*See* ECF No. 125 at 3.) Accordingly, the Magistrate Judge did not err in denying Plaintiff's motion to stay.

**C.     Count I**

Count I contains a supervisory liability claim against Defendants Jones and Aranas based on allegations that they rejected Plaintiff's requests for pain medication after other prison staff denied Plaintiff the medication. (ECF No. 118 at 2.) The Magistrate Judge recommended granting summary judgment in favor of Defendants Jones and Aranas on this claim. (*Id.* at 14, 16.)

Plaintiff argues in his objection that Defendant Jones was deliberately indifferent to Plaintiff's serious medical needs by denying Plaintiff's request to receive pain medication. (ECF No. 125 at 5.) However, the record indicates that Jones responded to Plaintiff with instructions for how to receive pain medication, and Plaintiff chose not to follow those instructions. (ECF No. 118 at 14-15 (citing ECF No. 85-8 at 4).) Accordingly, the Court finds that the Magistrate Judge did not err in granting summary judgment in favor of Jones on this claim.

Plaintiff further argues that Defendant Aranas was deliberately indifferent to Plaintiff's serious medical needs by denying a second level grievance Plaintiff filed regarding this incident. (ECF No. 125 at 5.) However, Aranas "simply reiterated the advice given at the prior grievance levels that Plaintiff should get another appointment if he was still having issues with pain, and refrain from arguing with the medical provider." (ECF No.

///

1 | 118 at 15-16 (citing ECF No. 84-16 at 3, 7).) Accordingly, the Magistrate Judge did not err
2 | in granting summary judgment in favor of Aranas on this claim.

**D.   Count III**

Count III contains a conditions of confinement claim against Defendant Winsor based on allegations Plaintiff was denied adequate clothing and a towel for several months, including winter months, which impacted his health and ability to exercise outdoors. (ECF No. 118 at 3.) Count III also contains supervisory liability claims against Defendants Baker and Williams because they allegedly denied Plaintiff's requests and grievances regarding the lack of clothing. (*Id.*) The Magistrate Judge granted summary judgment in favor of Defendants Winsor, Baker, and Williams because there was no evidence in the record that Plaintiff put these defendants on notice of his lack of clothing. (*Id.* at 24.)

Plaintiff argues in his objection that the Magistrate Judge erred because these defendants were in fact aware of these conditions. (ECF No. 125 at 6.) However, the grievance forms do not indicate that Plaintiff was "cold in his cell, was suffering from a cold, or did not have adequate clothing to go to the recreation yard." (ECF No. 118 at 24 (citing ECF No. 94-1 at 62-76).) Plaintiff's bald assertion that Defendants were aware of these issues is insufficient to create a genuine issue of material fact to preclude summary judgment. (*See* ECF No. 125 at 6.)

Accordingly, the Court finds that the Magistrate Judge did not err in granting summary judgment in favor of Defendants Winsor, Baker, and Williams on this claim.

**E.   Count IX**

Count IX contains a conditions of confinement claim against Defendant Jones based on Plaintiff's allegation that Defendant Jones was aware that that Plaintiff's cell was covered in feces and urine, that Plaintiff's bed was high and lacked guard rails, and that Plaintiff had not received socks and underwear. (ECF No. 118 at 4.) The Magistrate Judge recommended granting Defendants' motion in favor of Defendant Jones. (*Id.*)

///

Plaintiff argues in his objection that the Magistrate Judge erred in granting Defendants' motion in favor of Jones because Jones "had direct knowledge of [P]laintiff's condition of inhumane treatment while in the prison infirmary because she was the on call nurse during all medication pass out and [P]laintiff made here aware of such conditions by way of prison grievances and personal knowledge as he did his part to make her aware." (ECF No. 125 at 5.) The Magistrate Judge considered Plaintiff's argument that Defendant Jones was aware of Plaintiff's complaints and concluded that Plaintiff did not introduce evidence that he informed Defendant Jones that his cell was covered in feces and urine, that his bed was high and lacked guard rails, or that he attempted to correct Defendant Jones after she asserted that he had received his legal property and clean clothing. (ECF No. 118 at 30.) The Court agrees with the Magistrate Judge's determination and notes that Plaintiff has not adduced any such evidence in his objection. (See ECF No. 125 at 5, 7.) Accordingly, the Court finds that the Magistrate Judge did not err in granting summary judgment as to Jones.

**VII. CONCLUSION**

It is therefore ordered that the Magistrate Judge's R&R is accepted and adopted in full.

It is further ordered that Defendants' Partial Motion for Summary Judgment (ECF No. 84) is granted in part and denied in part consistent with the Magistrate Judge's recommendations.

It is further ordered that Defendants' Motion to Seal (ECF No. 122) is granted.

DATED THIS 2nd day of March 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE