UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMAL DAMON HENDRIX,<br><br>                              Plaintiff,<br>    v.<br><br>STATE OF NEVADA, *et al.,*<br><br>                        Defendants. | Case No. 3:15-cv-00155-MMD-WGC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

## I.    SUMMARY

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 141) ("R&R" or "Recommendation"), recommending dismissal of Plaintiff Jamal Damon Hendrix's claims for Plaintiff's failure to comply with the Court's order to participate in a settlement conference. Plaintiff objects (ECF No. 144) and Defendants have responded (ECF No. 145). The Court agrees with the R&R and will dismiss Plaintiff's claims with prejudice.

## II.    LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* In light of Plaintiff's objection, the Court will review the R&R de novo.

## III. DISCUSSION

While dismissal is a drastic sanction, the Court agrees with Judge Cobb that this sanction is appropriate under the circumstances here. In the R&R, Judge Cobb thoroughly described the events that led to his recommendation of dismissal and explained his consideration of various forms of available sanctions in concluding that dismissal is the appropriate sanction. (ECF No. 141 at 3-10.)

Plaintiff refused to attend the court-ordered settlement conference by video conference scheduled for May 1, 2018.[1] (*Id.* at 4.) Plaintiff contends that he was required to wait in an unsanitary cell that smelled of urine, had vomit in the sink, and had feces in a clogged toilet. (*Id.* at 3.) Plaintiff further contends that the room where the video conference would be held was not sound-proofed to protect the confidentiality of the settlement conference. (*Id.* at 4.) However, Judge Cobb found the first contention to lack credibility, and even accepting both contentions at face value, they do not excuse Plaintiff's refusal to participate. In fact, Judge Cobb correctly found that Plaintiff could have participated in the video conference to inform him of these issues, but Plaintiff failed to provide an explanation as to why he did not appear for the scheduled conference. (*Id.* at 6.) Importantly, Judge Cobb found that Plaintiff knew his options—filing a motion to vacate the conference or appearing to advise the Court of his concerns—because he had similarly refused to appear for a scheduled early mediation conference in *Hendrix v. Cox*, No. 3:16-cv-00067-MMD-VPC ("*Hendrix I*"),and was admonished for his failure to appear. Based on that experience, Plaintiff knew that his unilateral refusal to appear for the settlement conference would violate the Court's order.[2] (*Id.* at 6.)

---

[1]Plaintiff does not challenge Judge Cobb's finding that he failed to appear at the scheduled settlement conference.

[2]In *Hendrix I,* Plaintiff refused to participate in the early mediation conference, which resulted in Judge Cooke issuing an order to show cause. (*Hendrix I,* ECF Nos. 19, 20.) Judge Cooke noted Hendrix's concerns about confidentiality of the room where the inmate mediation would be conducted at Ely State Prison and directed defense counsel to "confer with the Warden at Ely State Prison regarding reasonable safeguards to insure

1     The Court has inherent authority to enforce its order. Fed. R. Civ. P. 41(b); *Ferdik*

2  *v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.), *as amended* (May 22, 1992). Plaintiff clearly

3  violated the Court's order to participate in the settlement conference. The Court agrees

4  with Judge Cobb that dismissal is an appropriate sanction under the circumstances here

5  where the spectrum of sanctions is limited because Plaintiff is in custody and is an

6  indigent, and Plaintiff's violation resulted in a waste of time and resources of the court

7  and of defendants and their counsel in arranging the video conference and preparing for

8  the conference. (ECF No. 141 at 9-10.) Thus, the Court agrees with Judge Cobb's

9  assessment of the factors that control whether dismissal is proper. (*Id.* (discussing the

10  factors articulated in *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).)

11     Plaintiff argues that Judge Cooke ordered Ely State Prison ("ESP") Warden to

12  prepare better sound proof of the conference room used for mediation in *Hendrix I*. (ECF

13  No. 144 at 5-6.) However, as Judge Cobb correctly determined, Judge Cooke did not

14  issue such a broad order (ECF No. 141 at 4-6).[3] (*See Hendrix I,* ECF No. 20 at 1.)

15     Plaintiff contends that Judge Cobb did not consider the inhumane conditions of

16  the cell where he was placed to wait for the video conference. (ECF No. 144 at 6-7.) To

17  the contrary, Judge Cobb considered evidence relating to this disputed issue and found

18  that Plaintiff's contention as to the conditions was not credible. (ECF No. 141 at 4.)

19  Moreover, the Court agrees with Judge Cobb's observation that if the conditions were as

20  Plaintiff claimed, the credible approach would be to participate in the settlement

21  conference to report such conditions. However, even if the conditions were as Plaintiff

that inmates participating in inmate mediations or settlement conferences at any Nevada
Department of Corrections facility have confidence that their privacy will be maintained."
(ECF No. 20 at 1; *see also* ECF No. 19.) Plaintiff also essentially failed to participate the
subsequently scheduled early mediation conference. (*Hendrix I*, ECF No. 68 at 3-13.)

[3]Plaintiff does not dispute Defendants' counsel's representation that the Warden
had adopted procedures requiring correctional officers posted outside the room, or
inside if the inmate is designated as High Risk Potential, to wear earmuffs. (ECF No. 141
at 5-6.)

3

1 claimed, those conditions do not excuse Plaintiff's failure to appear at the settlement

2 conference scheduled to be held by video conference in a different room.[4]

3     In sum, the Court agrees with Judge Cobb's recommendation and will adopt the

4 R&R.

5 **IV.    CONCLUSION**

6     It is therefore ordered, adjudged and decreed that the Report and

7 Recommendation of Magistrate Judge William G. Cobb (ECF No. 141) is accepted and

8 adopted in its entirety.

9     It is ordered that Plaintiff's claims are dismissed with prejudice.

10     The Clerk is directed to enter judgment in accordance with this order and close

11 this case.

12     DATED THIS 30th day of October 2018.

13

14 _____

    MIRANDA M. DU

15     UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[4]To the extent Plaintiff believes that cells conditions violates his Eighth Amendment rights, his recourse is to pursue his administrative remedies and legal action once he exhausted such remedies, not to use that as a pretext to violate a court order.

4